(31 App. Div. 51.)

MANNING v. BENEDICT et al.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

BILL OF PARTICULARS—VERIFICATION.
   An order for a bill of particulars should require it to be verified whenever the pleadings are verified, unless the case is an exceptional one.

Appeal from special term, New York county.

Action by James S. Manning against John G. Benedict and others. From an order denying defendants' motion for bill of particulars, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

James W. McElhinney, for appellants.
Matthew F. Ennis, for respondent.

RUMSEY, J. The affidavit was sufficient to entitle the moving party to such a bill of particulars as he asked for, and the one served was clearly insufficient, and, moreover, was not verified. It is quite true that it has been held by the general term of the Fifth department (Shankland v Bartlett, 15 Civ. Proc. R. 24, 26, 1 N. Y. Supp. 458) that a bill of particulars need not be verified unless it is so ordered by

the court. Even if such is the rule, the order for a bill of particulars should require that paper to be verified whenever the pleadings are verified, unless the case is an exceptional one. The reason for verifying the pleadings is that the defendant may be required to answer truly under oath to the allegations of the complaint. Whenever the plaintiff has seen fit to attach a verification to his first pleading, and thereby put his opponent upon his oath as to the truth of the answer, either party who is compelled thereafter by order to amplify these pleadings by serving a bill of particulars ought to be required to verify that by his oath, for the same reason that the pleadings are verified. The defendant, upon the proof, was entitled to such information as would enable him to learn just what case was to be made by the plaintiff, so that he could meet it. The last three items in the bill of particulars gave him no such information. The order denying this motion should therefore be reversed, with $10 costs and disbursements, and an order should be made requiring the plaintiff to give to the defendant a bill of particulars which may be substantially like the one already served, except as to the last three items; and as to those items the bill of particulars should state the name of the customer whose profit was withdrawn and the time when that was done; and as to the last item there should be a statement as to the manner in which the annoyance and vexation and general damage accrued, and a specification of the loss of trade and custom mentioned in that item, or of the reasons for anticipating such loss,—with $10 costs of the motion. All concur.

Order reversed, with $10 costs and disbursements, and order entered as directed in opinion, with $10 costs of motion.